7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome SUSSKIND (No. 91-1003), James Rumler (No. 91-1004),
Scott Nickerson (No. 91-1005), Defendants-Appellants.
 Nos. 91-1003 to 91-1005.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1993.
Rehearing Denied Oct. 25, 1993.
 
 Before: JONES And NELSON, Circuit Judges; And LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This opinion, filed contemporaneously with the en banc court's opinion in this matter, resolves eight issues that the en banc court left for this panel to consider. Because none of these issues requires reversal, and because the en banc court affirms the issues it treats, the judgment entered by the district court is affirmed.
 
 
 2
 The facts of this case are fully set forth in the en banc opinion and will not be reproduced herein. The eight issues to be considered by this panel are:
 
 
 3
 1) Whether the district court erred in calculating the sentences of the Defendants-Appellants;
 
 
 4
 2) Whether reversible error occurred where original counsel for Defendant-Appellant Jerome Susskind (Neil H. Fink) withdrew from the case due to a conflict of interest;
 
 
 5
 3) Whether prosecution of Rumler in Rumler II was barred by the Double Jeopardy Clause of the United States Constitution;
 
 
 6
 4) Whether the district court erred in denying Defendants-Appellants' motion to dismiss certain counts in the indictment and to compel election between or consolidation of certain counts;
 
 
 7
 5) Whether the district court erred in denying Defendant-Appellant Scott Nickerson's motion for a mistrial;
 
 
 8
 6) Whether the district court prejudicially erred (as to Nickerson and Defendant-Appellant James Rumler) in its handling of the cross examination of witness Neil Whiting;
 
 
 9
 7) Whether Rumler and Susskind's convictions should be overturned due to the district court's inadvertant omission of an agreed-upon jury instruction; and
 
 
 10
 8) Whether the district court erred by admitting certain evidence against Rumler.
 
 
 11
 * All three Appellants claim that the district court erred in sentencing them. First, they allege that use of a pre-guideline drug offense to compute their base level for a post-guideline offense violates the Ex Post Facto clause of the United States Constitution. This claim is without merit. United States v. Ykema, 887 F.2d 697, 700 (6th Cir.1989), cert. denied, 493 U.S. 1062 (1990).
 
 
 12
 Second, all Appellants maintain that the evidence was insufficient to support the amount of marijuana involved in the controversy. We review a district court's factual findings connection with sentencing under a "clearly erroneous" standard, United States v. Luster, 889 F.2d 1523, 1525 (6th Cir.1989), giving "due deference" to the sentencing court's application of the guidelines. 18 U.S.C. § 3742(e) (1988). We find that the district court's finding that there were between 6,600 and 22,000 pounds of marijuana was not clearly erroneous. Witness Robert Whiting testified that Rumler said he needed a plane that could carry a payload of two thousand pounds, and there was evidence that Rumler, Whiting and others had agreed that Whiting would make ten trips as pilot. From this evidence, the district court judge multiplied ten trips by two thousand pounds per trip, and set the base offense level at twenty-thousand pounds.
 
 
 13
 Nickerson further objects that he had no knowledge of the quantity of marijuana involved in the underlying offense. Actual knowledge, however, is not required to determine the base offense level. U.S. Sentencing Commission, Guidelines Manual, § 1B1.3, Commentary n. 1 (1991). Rather, the test is whether Nickerson "reasonably should have known" the quantity of drugs. Id. The evidence established that Nickerson repeatedly lied under oath with regard to the authenticity of certain documents related to an expensive airplane, which facilitated a conspiracy to import marijuana into the United States. Nickerson reasonably should have known the amount of marijuana involved in the conspiracy that he sought to cover up.
 
 
 14
 Nickerson also claims that he should have received a reduction in his offense level for acceptance of responsibility. That claim is wholly without merit. Similarly without merit are several objections Rumler raises to his sentence.
 
 II
 
 15
 Susskind contends that the government intentionally deprived him of the counsel of his choice, Neil Fink. The United States precipitated Fink's withdrawal when it announced its intent to call a member of Fink's firm as a witness, former Assistant United States Attorney Brian Legghio, who allegedly never possessed any relevant information and ultimately was never called as a witness. The problem with Susskind's argument is that he did not raise it when given the opportunity to do so in the court below. The district court correctly asked Susskind's counsel to file a written motion and a request for an evidentiary hearing on these serious allegations, in order to provide all parties with an opportunity to respond and to provide affidavits. Susskind's counsel never did as the district court requested, thus waiving this claim of error on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987) ("It is a well-established principle of appellate review that appellate courts do not address claims not properly presented below.").
 
 III
 
 16
 Rumler contends that his conviction in Rumler II was barred by the Double Jeopardy Clause of the United States Constitution in light of his conviction in Rumler I. For this contention, Rumler relies on Grady v. Corbin, 495 U.S. 508 (1990), which held that determining whether a subsequent prosecution is barred by the Double Jeopardy clause is a two-step process. According to Grady, to apply the Double Jeopardy clause, a court must first apply the traditional test from Blockburger v. United States, 284 U.S. 299 (1932), according to which, if the offense charged in a later prosecution has identical statutory elements or is a lesser included offense of the offense charged in the earlier prosecution, then the subsequent prosecution is barred. Grady, 495 U.S. at 516. If the later prosecution survives the traditional Blockburger test, Grady requires one to further inquire as to whether the second prosecution requires proof of conduct that itself "constitutes an offense for which the defendant has already been prosecuted." Id. at 521.
 
 
 17
 Recently, however, the Supreme Court overruled Grady in United States v. Dixon, 113 S.Ct. 2849, 2864 (1993), eliminating Grady's second step, and holding that the "same elements" test of Blockburger is the only step in determining whether a subsequent prosecution is barred by the Double Jeopardy clause. This development destroys Rumler's argument. In Rumler I, the defendant was convicted for conspiracy to import marijuana, while in Rumler II, the present case, he was convicted for false declarations, submitting false documents, and obstruction of justice. The latter offenses involve entirely distinct elements from the conspiracy to import marijuana offense at issue in the earlier prosecution. Thus, the later prosecution is not barred by the Double Jeopardy clause.[1]
 
 IV
 
 18
 All three Appellants claim that the district court erred in denying their motions for dismissal of certain counts, consolidation of certain counts, or both. This panel has already rejected this claim for reasons explained in Part III of its opinion, United States v. Susskind, 965 F.2d 80, 85 (6th Cir.1992), vacated, 975 F.2d 1206 (6th Cir.1992). The en banc court did not challenge the panel's rejection of this claim and we hereby adopt that part of the opinion.
 
 V
 
 19
 Appellants remaining claims are equally meritless. Nickerson and Rumler argue that the district court erred in denying Nickerson's motion for a mistrial. This motion was based on prosecutor Janice's reference, under cross-examination, to an outstanding criminal warrant issued by the State of Florida for Nickerson's allegedly writing three bad checks. Appellants contend that this mention of another criminal charge prejudiced the proceeding under Rule 404 of the Federal Rules of Evidence. However, the trial judge sustained Nickerson's counsel's objection to Janice's response. This action was entirely appropriate under Rule 404(b). The trial judge correctly denied the motion for mistrial on the basis that Nickerson's own counsel had solicited the improper information.
 
 
 20
 Nickerson and Rumler also argue that the district court erred by denying them an opportunity to cross-examine Neil Whiting, a witness called as part of the government's case-in-chief only with regard to count fifteen of the indictment. This count was only against Susskind. Nickerson and Rumler were not entitled to cross-examine this witness on information related to other counts but were entirely free to call Whiting as part of their cases-in-chief. Accordingly, Nickerson and Rumler have not demonstrated any error with regard to the district court's decision to limit the scope of cross-examination.
 
 
 21
 Rumler and Susskind claim that the district court's inadvertant omission of an agreed-upon jury instruction constitutes reversible error. However, counsel failed to object to the omission before the jury retired, and, as Rule 30 of the Federal Rules of Criminal Procedure provides, "No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict."
 
 
 22
 Rumler also maintains that the district court erred by admitting certain evidence against him. We find that his claims are wholly without merit, and that the district court did not abuse its discretion in admitting this evidence.
 
 VI
 
 23
 In light of the foregoing, and in light of the en banc court's disposition of the other issues in this matter, the judgment of the district court is affirmed.
 
 
 
 [1]
 Not only does the present prosecution survive the traditional Blockburger test, but, because the conduct at issue in the present case--that of making false declarations, submitting false documents, and obstructing justice--is entirely distinct from the conduct of conspiring to import marijuana that was at issue in Rumler I, the present prosecution would even pass muster under the broader Grady test had Grady not been overruled